**FILED**

**February 15, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:09 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| KATHERINE POUNDERS,<br>　　　　Employee, | ) | Docket No.:  2016-07-0373 |
| v. | ) | |
| PACKAGING CORPORATION OF<br>AMERICA,<br>　　　　Employer, | ) | State File Number: 9057 2016 |
| And<br>INDEMNITY INSURANCE CO.<br>OF NORTH AMERICA,<br>　　　　Insurance Carrier. | ) | Judge Amber E. Luttrell |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned Workers' Compensation Judge on January 26, 2017, upon the Request for Expedited Hearing filed by Katherine Pounders. Ms. Pounders requested medical and temporary disability benefits for her alleged work-injury. The central legal issue is whether Ms. Pounders came forward with sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds that she did not and thus is not entitled to the requested benefits at this time.

### History of Claim

The hearing established the following facts. Ms. Pounders, a self-represented litigant, worked for Packaging Corporation of America (PCA) as a shift crew leader. Ms. Pounders alleged work-related injuries on January 11 and 15, 2016, when exposed to aerosol disinfectant spray used to combat the flu virus in the office.

Ms. Pounders testified that PCA's custodian, Jerry Crockett, sprayed a disinfectant in the shipping office on January 11. The parties adamantly disputed precisely where Mr. Crockett sprayed the disinfectant, the type used, and the amount sprayed. Ms. Pounders

1

testified Mr. Crockett sprayed a heavy amount of an unknown disinfectant immediately in her small office area. Mr. Crockett testified he sprayed "just a little" lemon-scented Lysol in the hallway and bathroom outside her office.[1] As a result, Ms. Pounders began sneezing and coughing, and the parties agreed that Ms. Pounders complained and requested Mr. Crockett stop spraying the disinfectant. Mr. Crockett complied with her request. That evening, Ms. Pounders called her family medical provider, Debbie McFalls, CFNP-BC, to schedule an appointment.

Ms. Pounders alleged a second incident on January 15, when Mr. Crockett again sprayed a disinfectant near her work area, which caused Ms. Pounders similar symptoms. Mr. Crockett denied spraying anything on the 15th. Ms. Pounders reported both incidents to David Mead, her supervisor/foreman, who sent her to first aid. Ms. Pounders subsequently spoke to Richard Childers, PCA's safety manager. Ms. Pounders informed Mr. Childers that her illness was due to her exposure to the disinfectant spray.

Mr. Childers testified that Mr. Crockett only sprayed over-the-counter Lysol in the building during flu season. Mr. Childers first learned of Ms. Pounders' complaints on January 20, when Ms. Pounders reported the incidents to him, and he spoke to Mr. Crockett.

According to Ms. Pounders, she became very ill following these incidents at work, was hospitalized in late January, and last worked for PCA in July 2016. Ms. Pounders stated she finally recovered and could do everything she did prior to her injury as of June 2016.

Based on the medical records admitted into evidence, Ms. Pounders saw NP McFalls the day after her first work exposure to disinfecting spray. The history indicated Ms. Pounders complained of sinus drainage, non-productive cough, nasal congestion, chest pain with cough, and stated she had taken three dosages of a Zpak. NP McFalls diagnosed a viral upper respiratory infection. (Ex. 2 at 11-18.) At the hearing, Ms. Pounders disputed the history recorded in NP McFalls' record. She testified she told the intake nurse and NP McFalls what happened at work but asserted it was not recorded in the medical record. She agreed with the portion of the history that stated she requested a right elbow shot and complained of right foot pain.

Ms. Pounders testified PCA subsequently sent her to Dr. Joseph Peters following her conversation with Mr. Childers. Ms. Pounders gave Dr. Peters a history of exposure to Lysol at work that was sprayed in another room and caused symptoms of hoarseness, dry cough, right rib pain, watery eyes, and dyspnea. *Id.* at 19. The parties only admitted the first page of Dr. Peters' records into evidence, which indicated Ms. Pounders' history, medications, and medical and social history. The parties did not submit any additional

---

[1] The Court notes Ms. Pounders stated in her Affidavit she was exposed to Lysol, which made her sick. (Ex. 1.)

pages documenting Dr. Peters' diagnosis or causation opinion.

Ms. Pounders also saw Dr. Wayne McAlpin, a pulmonologist, in April 2016. (Ex. 4.) She gave Dr. McAlpin a history of exposure to a spray at work. She reported coughing, chest congestion, and wheezing since the exposure. She further reported she was hospitalized for several days and treated with antibiotics and steroids. Following examination, Dr. McAlpin diagnosed underlying bronchospasm or asthma. At a follow-up visit, he altered Ms. Pounders' medication and diagnosed shortness of breath with unclear etiology.

Ms. Pounders testified she sought treatment mostly with Dr. Joseph Pratt for her condition. The parties did not admit Dr. Pratt's treatment records into evidence; however, they admitted two signed letters from Dr. Pratt. By letter dated July 11, 2016, Dr. Pratt stated, "Katherine Pounders is a patient of mine whom I believe because of occupational exposure to cleaners, triggered her illness. Patient has no history of prior illnesses until exposed to these cleaners." (Ex. 2 at 22.) PCA's counsel subsequently sent correspondence and records to Dr. Pratt for review. In response, Dr. Pratt sent a letter dated January 10, 2017, which stated:

> The purpose of this letter is to inform all involved parties in this matter that after further review of prior medical records, it appears Ms. Pounders' respiratory symptoms have in fact been an issue in the past. The symptoms she presented with to my clinic could be multi factorial in nature. It is my opinion the spray type cleaners are a possible trigger for her previously diagnosed asthma. She has apparently visited multiple other providers with similar symptoms and has a history of respiratory illnesses in the past. I cannot assign a certain percentage of involvement that these agents may have exacerbated her condition at the time of her visit at my clinic.

*Id.* at 25.

Finally, PCA introduced prior records of Dr. David Chase into evidence from 2013 and 2014, which revealed Dr. Chase diagnosed Ms. Pounders with asthma and chronic bronchitis. On cross-examination at the hearing, Ms. Pounders testified her 2013 symptoms were caused by an acute exposure to an "orange substance" used to fumigate her office. She did not report a workers' compensation injury at that time.

At the hearing, Ms. Pounders argued she was not sick prior to her work exposure to the aerosol disinfectant spray. She asserted her illness caused her to retire sooner than she planned, and she requested compensation for her time off work. Ms. Pounders did not offer any documents supporting her claim for temporary disability benefits for time off work.

3

Relying on Dr. Pratt's medical opinion, PCA countered that Ms. Pounders did not come forward with sufficient medical evidence from which the Court may conclude she is likely to prevail on the merits at trial for the requested benefits.

**Findings of Fact and Conclusions of Law**

The following legal principles apply in this case. Because this case is in a posture of an Expedited Hearing, Ms. Pounders need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

To prove a compensable injury, Ms. Pounders must show her alleged injury arose primarily out of and in the course and scope of her employment, caused by an incident, or specific set of incidents, identifiable by time and place of occurrence, that to a reasonable degree of medical certainty contributed more than fifty percent in causing her disablement or need for medical treatment, considering all causes. A "reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14)(A- D).

Applying these principles to the facts of this case, the Court holds that Ms. Pounders did not come forward with sufficient evidence to satisfy her burden of proving her condition arose *primarily* out of and in the course and scope of her employment at this time. Specifically, there is insufficient medical proof to establish that Ms. Pounders' described injury contributed more than fifty percent in causing her condition considering all causes.

The only medical opinion before the Court addressing causation is from Dr. Pratt. While Dr. Pratt initially stated that Ms. Pounders' occupational exposure to cleaners triggered her illness, he subsequently altered his opinion after reviewing Ms. Pounders' prior medical records evidencing her history of asthma and chronic bronchitis. He concluded, "I cannot assign a certain percentage of involvement that these agents may have exacerbated her condition at the time of her visit to my clinic." (Ex. 2 at 25.)

The Court recognizes that Ms. Pounders disputes these conclusions. However, Ms. Pounders' disagreement with the physician's opinion, while genuine, is legally insufficient to refute his conclusions. Neither Ms. Pounders nor the Court has the medical qualifications to revise the doctor's medical opinion for him. As our Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some

4

other countervailing evidence properly admitted into the record." *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015). While the Court finds Ms. Pounders credible in her testimony that she suffered an adverse reaction to the disinfecting spray, the only medical opinion the Court has before it is the opinion of Dr. Pratt. Absent a contrary medical opinion, Ms. Pounders is unlikely to prevail at a hearing on the merits. Thus, her request for medical and temporary disability benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Pounders' claim against Packaging Corporation of America and its workers' compensation carrier for the requested medical benefits and temporary total disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **March 27, 2017**, at **10:30 a.m.** Central Time. You must call toll-free at 855-543-5039 to participate in the hearing. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED this the 15th day of February, 2017.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

5

## APPENDIX

<u>Exhibits:</u>
1. Affidavit of Katherine Pounders
2. Employer's Medical Records with Table of Contents
3. Medical records of North MS Pulmonology Clinic
4. Medical records of Corinth Pulmonary Clinic and Rehabilitation
5. Order for Evidentiary Hearing
6. Written Statement of Katherine Pounders dated June 24, 2016

<u>Technical record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Expedited Filings
5. Order for Evidentiary Hearing
6. Employer's Rule 0800-02-21-.14 Statement, Witness List, and Documents

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 15th day of February, 2017

| Name | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|
| Katherine Pounders, Self-Represented Employee | X | X | Katherinepounders.KP50@gmail.com |
| David Drobny, Esq., Attorney for Employer | | X | ddrobny@manierherod.com mgrimmig@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

6